Elizabeth CANON, Plaintiff,

v.

John K. CLARK, in his official capacity as Tax Collector of Palm Beach County, Florida, Defendant.

No. 94–8150–CIV.

United States District Court, S.D. Florida.

April 25, 1995.

Isidro Garcia, Lake Worth, FL, for plaintiff.

Glen J. Torcivia, West Palm Beach, FL, for defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes to this Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, filed on February 9, 1995. After requesting and receiving two extensions of time, Plaintiff filed a response on March 10, 1995.

### I. Factual Background

Plaintiff worked in the Palm Beach County Tax Collector's Office from August 1979 until she was terminated on January 15, 1993. Plaintiff alleges that she was terminated because of her diabetes. Plaintiff thus brings suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging discrimination on the basis of physical disability. Plaintiff also brings suit under 42 U.S.C. § 1983, alleging that in terminating her, Defendant deprived her of liberty and property interests without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

### II. Legal Standard

■ A motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. "[D]ismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Wright & Miller, *Federal Practice and Procedure* § 1357; *see also Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims," *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### III. Analysis

Plaintiff brings a three-count[1] Complaint under the ADA and 42 U.S.C. § 1983.

#### A. ADA Claim

Plaintiff alleges that Defendant terminated her because of her disability, diabetes.

■ The ADA prohibits discrimination against a qualified individual with a disability in the hiring, advancement, discharge and other terms, conditions and privileges of em-

---

1. The Court declined to exercise its supplemental jurisdiction over two state law tort claims. *See* January 17, 1995 Order.

ployment. 42 U.S.C. § 12112(a). The ADA definition of disability includes "a physical or mental impairment that substantially limits one or more of the major life activities of an individual." 42 U.S.C. § 12102(2). EEOC regulations further clarify the terms contained therein. "Substantially limits" means "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which an average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(ii) (1994). "Moreover, the existence of an impairment is to be determined without regard to mitigating measures such as medicines...." 29 C.F.R. app. § 1630.2(h) (1994).

Plaintiff alleges that because of her diabetes, she is "forced to rely on medical assistance to perform major life activities and to survive" and that she would "lapse into a coma without insulin." Second Am.Compl. ¶¶ 8–9. Construing the Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff has stated a claim under the ADA.

### B. 42 U.S.C. § 1983 Liberty Interest Claim

Plaintiff asserts a § 1983 claim for violation of her liberty and due process rights under the Fourteenth Amendment. Specifically, Plaintiff alleges that in the course of discharging her, Defendant made a false statement of a stigmatizing nature that was made public without a meaningful opportunity for her to refute it.

#### 1. Liberty Interest

█ The Supreme Court has held that for a government employer's statement to implicate an employee's liberty interest, the statement must negatively implicate the employee's "good name, reputation, honor, or integrity," or otherwise impose "a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972).

█ For a discharged public employee to state a liberty interest claim, she must allege the following: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity to refute the charges. Buxton v. City of Plant City, 871 F.2d 1037, 1042–43 (11th Cir.1989). Placing information in the public record by a state entity is sufficient publication to implicate one's Fourteenth Amendment liberty interest. Id. at 1046.

█ The Second Amended Complaint alleges that Defendant's statement that Plaintiff was intoxicated at work is false and stigmatizing; that the statements attended her employment termination; that the statements became public pursuant to Fla.Stat. 119.07; and that prior to and after publishing said statements, Defendant failed to give Plaintiff a meaningful opportunity to clear her name. The Court finds that Plaintiff has stated a liberty interest claim.

#### 2. Due Process

█ Plaintiff also alleges in Count II that Defendant violated her due process rights in "fail[ing] to give plaintiff a meaningful opportunity to clear her name of the false and stigmatizing accusation concerning her discharge." Second Am.Compl. ¶ 21. The Court finds that Plaintiff has stated adequately a claim for a due process violation sufficient to withstand Defendant's motion to dismiss.[2]

### C. 42 U.S.C. § 1983 Property Interest Claim

In Count III, Plaintiff alleges that "[b]y terminating plaintiff in a manner not consistent with the [Employment Information

---

**2.** The Court notes Defendant's contentions that Plaintiff did have a meaningful opportunity to refute the charges against her. Def. Motion to Dismiss at 10. However, in a motion to dismiss the Court's analysis is limited to the four corners of the complaint. Thus, whether Plaintiff had a meaningful opportunity to clear her name is a fact-specific inquiry best resolved in a motion for summary judgment.

Handbook], defendant deprived plaintiff of her property interest in continued employment, actionable under 42 U.S.C. § 1983." Second Am.Compl. ¶ 28.

The Eleventh Circuit en banc opinion in *McKinney v. Pate* makes clear that "in non-legislative cases, only procedural due process claims are available to pretextually terminated employees." 20 F.3d 1550, 1560 (11th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995).

A procedural due process violation is incomplete "unless and until the State fails to provide due process." *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). The Eleventh Circuit has ruled that "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney v. Pate,* 20 F.3d at 1556. Put another way, a procedural deprivation does not become a violation of Plaintiff's procedural due process rights unless and until the State refuses to provide a means to remedy that deprivation. *Id.* at 1563.

The Eleventh Circuit thus concluded that Federal Court is not the appropriate forum in which public employees should seek redress for allegedly pretextual terminations. In *McKinney,* the Eleventh Circuit, en banc, stated:

> "[w]e must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error.... The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."

*Id.* at 1559 (*citing Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2080, (1976)). Moreover, the fact that a plaintiff failed to avail herself of all of the procedures available under state law does not constitute a sign that they are constitutionally deficient. *Id.* at 1565. Florida courts certainly have the power to review employment terminations cases and "[i]nherent in that power to review is the power to remedy deficiencies and to cure violations of due process." *Id.* at 1563.

The Court finds that Plaintiff has failed to state a claim for a procedural due process violation. Plaintiff is *not* alleging that there was a constitutionally inadequate procedure in the means by which she was terminated. Rather, Plaintiff alleges only that Defendant *did not follow* the procedures set forth in the Employee Handbook and thus "deprived plaintiff of her property interest in continued employment." *Id.* This is a substantive due process claim specifically prohibited by *McKinney.* The Court thus finds that dismissal of Count III is proper.[3]

### D. Defendant John K. Clark in his Individual Capacity

In suing a government official in his individual capacity, a plaintiff seeks to "impose personal liability upon a government official for actions he has taken under color of state law." *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). However, it is well settled that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Whether a government official violates clearly established constitutional rights of which a reasonable person would have known turns on the "objective legal reasonableness" of the action. The government official's subjective intent is irrelevant. *Anderson v. Creighton,* 483 U.S. 635, 639–41, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987).

Qualified immunity shields a government official from having to stand trial or

---

**3.** The Court specifically does not reach the issue of whether Plaintiff has a property interest in her employment.

face other burdens of litigation.[4] The entitlement "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2515, 86 L.Ed.2d 411 (1985) (emphasis original). Thus, the Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (citations omitted).

The Second Amended Complaint does not allege that Mr. Clark violated Plaintiff's clearly established constitutional rights of which a reasonable person would have known. Rather, the Second Amended Complaint only mentions Defendant Clark in his individual capacity in the preliminary statement and in the prayer for damages in Counts II and III.[5] The Court thus finds that the Complaint as to Mr. Clark in his individual capacity should be dismissed.

## IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint be, and the same is hereby, GRANTED IN PART AND DENIED IN PART. It is DENIED as to Plaintiff's ADA claim in Count I. It is DENIED as to Plaintiff's liberty interest and due process claims under 42 U.S.C. § 1983. It is GRANTED as to Plaintiff's property interest claim under 42 U.S.C. § 1983. It is GRANTED as to Defendant John K. Clark in his individual capacity.

DONE and ORDERED.

---

4. The Supreme Court has extended qualified immunity to state officials. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

5. The preliminary statement reads: "Plaintiff ... brings this action against defendant, JOHN K. CLARK, as Tax Collector of Palm Beach County, Florida, and individually, for violations of her rights...." Second Am.Compl. ¶ 1.

Counts II and III are prayers for relief wherein Plaintiff asks the Court to "[e]nter judgment for plaintiff for compensatory and punitive damages against defendant Clark in his individual capacity for maliciously and/or with reckless indifference violating plaintiff's rights." *Id.* at ¶¶ 22(vi) and 29(v).